UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **PEDRO MARTINEZ-GARCIA** | **CIVIL ACTION NO. 3:10-cv-1888** |
|     FED. REG. #16649-198 | |
|     A 146 55 729 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JOHN SMITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

*REPORT AND RECOMMENDATION*

*Pro se* petitioner Pedro Martinez-Garcia filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 13, 2010. Petitioner is an immigration detainee in the custody of the Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE) who is awaiting removal to his native country. He is currently detained at the Tensas Parish Detention Center, Waterproof, Louisiana. He claims that he is being unlawfully detained by DHS/ICE because he received ineffective assistance of counsel in a criminal prosecution in the United States District Court for the Southern District of California. According to petitioner, this conviction resulted in the now contested order for his removal. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

In December 1995, petitioner was charged with various drug related offenses in a multi-count indictment filed in the United States District Court for the Southern District of California. On July

9, 1996 he entered a guilty plea to one count of conspiracy to distribute marijuana; on October 24, 1996 he was sentenced to serve 167 months in custody followed by 8 years of supervised release. The term of supervised release was prospectively waived conditioned upon petitioner's removal. *United States of America v. Pedro Guadalupe Martinez-Garcia*, No. 3:95-cr-2058 (SD Cal.), at Docs. #42 (plea) and #54 (sentencing).

Petitioner appealed to the United States Ninth Circuit Court of Appeals claiming, among other things, that the trial court erred when it refused to grant a downward departure of sentence based on petitioner's agreement to be deported upon completion of his prison sentence. His conviction and sentence were affirmed in an unpublished opinion on December 30, 1999. *United States of America v. Pedro Martinez-Garcia*, No. 96-50657(9th Cir.); (Slip Opinion at No. 3:95-cr-2058, Doc. #88)

On September 1, 2000, he filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 [*Id.*, at Doc. #92] On January 3, 2001, his Motion was denied and dismissed. [*Id.*, at Doc. #103] The Ninth Circuit denied his request for a Certificate of Appealability on May 7, 2001. [*United States v. Martinez-Garcia*, No. 01-55284 (9th Cir.) at No. 3:95-cr-2058, Doc. #111]

On April 11, 2003, while he was incarcerated at the Federal Corrections Complex, Beaumont, Texas, he filed a petition for *habeas corpus* pursuant to 28 U.S.C. §2241 in the United States District Court for the Eastern District of Texas. He argued, among other things, a claim of ineffective assistance of counsel. On July 31, 2003 his petition was dismissed for failing to meet the criteria required to support a claim under the savings clause of Section 2255. *Pedro Martinez-Garcia v. R.D. Miles, Warden*, No. 1:03-cv-0208 (SDTex.).

He filed the instant petition on December 13, 2010. He claimed that he was released from

the custody of the BOP on October 8, 2010, and that since that date "... the DHS/ICE has been holding the petitioner unconstitutionally without jurisdiction." [Doc. 1, ¶1] Thereafter, he argued that he received ineffective assistance of counsel with regard to his July 9, 1996, guilty plea because

(1) counsel failed to advise him of the risk of deportation as a consequence of pleading guilty,

(2) because counsel did not raise the issue of the government's violation of the Vienna Convention at the time of petitioner's arrest in the Southern District of California, and

(3) because counsel did not challenge the government's withholding of exculpatory evidence. Petitioner asks the court to "...vacate, set aside and expunge, the judgment against him..." [Doc. #1, p. 8]

*Law and Analysis*

*1. Savings Clause*

To the extent that petitioner collaterally attacks his 1996 conviction in *United States of America v. Pedro Guadalupe Martinez-Garcia*, No. 3:95-cr-2058, this Court lacks jurisdiction over his *habeas corpus* action. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

It appears that the petitioner is complaining about circumstances that occurred prior to or at the time of sentencing – specifically the ineffectiveness of his trial counsel. It thus appears that he seeks to collaterally attack his 1996 conviction. Since petitioner is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more

appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause.

Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *See  Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

*2. Real ID Act*

It is unclear whether removal has been ordered or whether petitioner has previously agreed to voluntary removal. However, to the extent that petitioner attacks his impending removal, this Court also lacks jurisdiction to consider such an attack. On May 11, 2005, the REAL ID Act of 2005 was signed into law as Pub.L. No. 109-13, §106(c), 119 Stat. 231 (2005).  The REAL ID Act divests federal district courts of jurisdiction over § 2241 *habeas corpus* petitions attacking removal orders.[1] *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir.2006); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 512 (5th Cir.2006)("... the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, which amends the Immigration and Nationality Act ('INA') by explicitly foreclosing *habeas* review of removal orders and by providing that a petition for review is the sole and exclusive means of judicial review for all removal orders..."); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir.2005)("The Act amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which non-citizens can seek judicial review of administrative orders of removal. Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders...").

In *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir.2007) the Fifth Circuit determined that

---

[1] Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with § 242 is the <u>sole and exclusive means for obtaining judicial review of an order of removal</u>, and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. REAL ID Act § 106(a)(1)(A)(iii). These jurisdictional amendments became effective on May 11, 2005. *Id. § 106*(b).

8 U.S.C. § 1252(a)(5)[2] as amended by the Real ID Act has essentially "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges *via* petitions for review." Further, that portion of the Real ID Act codified at 8 U.S.C. §1252(b)(9)[3] requires petitioners to consolidate their questions for judicial review exclusively in a petition for review in the appropriate appellate court. Thus §1252(a)(5) and §1252 (b)(9) – the so-called "jurisdiction-channeling provisions" of the Real ID Act – require aliens subject to removal to pursue adjustment of status through a motion to reopen their removal proceedings with the Immigration Judge followed by a petition for review of the final removal order which must be filed in the appropriate Court of Appeal. *Akinmulero v. Holder*, No. 09-20193, 2009 WL 3028245, at *2-3 (5th Cir. Sept.23, 2009) (unpublished).

In short, this Court lacks jurisdiction to consider petitioner's *habeas* claims. Additionally, this Court also lacks jurisdiction to grant stays of removal. *Idokogi v. Ashcroft*, 66 Fed. Appx. 526

---

[2] 8 U.S.C. §1252(a)(5) provides: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other *habeas corpus* provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)."

[3] Section 1252(b)(9) provides: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by *habeas corpus* under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."

(5th Cir.2003)(unpublished); *see also* 8 U.S.C. §1229c(f) which specifically provides, "... nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure."

Thus, to the extent that petitioner attacks his removal, his claim must be dismissed for lack of jurisdiction.

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe , Louisiana, February 8, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE